USDC SONY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-12-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CEDIEU GUE,

       Plaintiff,

   - against -

JOE SULEIMAN, et al.,

       Defendants.

MEMORANDUM
OPINION AND ORDER

10 Civ. 8958 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

  Before the Court is *pro se* Plaintiff Cedieu Gue's renewed application for appointment of counsel. ECF No. 51. Gue previously filed an application on February 16, 2011, ECF No. 8, which was denied without prejudice by District Judge William H. Pauley III on February 28, 2011. ECF No. 10. The Court is obligated to consider a number of factors in evaluating the request of a *pro se* plaintiff for counsel, including "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id.* at 62.

  Gue was granted *in forma pauperis* status on December 2, 2010, which satisfies the requirement that he be unable to afford counsel. However, the Second Circuit still requires that an indigent plaintiff's position be one of substance. *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

  Gue's submissions to the Court have thus far suggested potential violations of federal law, but have not shown his apparent ability to present his case in a manner that adequately

represents his interests. *See id.,* at 60. He is a Haitian immigrant who is less than proficient in the English language and who previously accepted assistance from a law school clinic in an attempt to settle this case. Gue stated that he has unsuccessfully sought counsel at several legal organizations. It is not apparent from the pleadings that this case will necessarily present complex issues, yet even routine discovery requests appear to have been challenging for Gue. He indicates that he requested documents from Defendants in November 2010, but without intervention by the Court has been unable or incapable of diligently pursuing them.

The Court is required to read a *pro se* litigant's submissions liberally in order to assess whether a meritorious claim has been made. The Court is unable to disburse this responsibility based on the current discovery provided. The Defendants are **ORDERED by March 19, 2012**, to summarize for the Court what outstanding discovery remains and, in particular, to respond to Gue's assertion in his response to the motion for summary judgment that certain documents requested by Gue have not been produced.

At this time, the Court **DENIES** Gue's motion for pro bono counsel without prejudice in order to resolve the dispute concerning Gue's document request and claim has merit.

**SO ORDERED this 12th day of March 2012**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**