UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CEDIEU GUE,

        Plaintiff,

   - against -

JOE SULEIMAN, et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-28-13

MEMORANDUM
OPINION AND ORDER

10 Civ. 8958 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Before the Court is *pro se* Plaintiff Cedieu Gue's ("Gue") motion for an extension to file a notice of appeal. (Docket No. 66.) This Court granted Defendants Joe Suleiman and Tri-State Limousine LLC's motion for summary judgment on September 27, 2012. (Docket No. 64.) Gue seeks to appeal this Court's Order granting summary judgment in favor of Defendants, but failed to serve notice of appeal in a timely manner. He now moves for an extension of time by which to take the appeal. In their letter to the Court, Defendants object to Gue's motion for an extension of time on timeliness grounds. For the following reasons, Gue's motion is **GRANTED**.

## II. DISCUSSION

"The power of federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circumscribed." *Mendes Junior Int'l Co. V. Banco Do Brasil, S.A.*, 215 F.3d 306, 312 (2d Cir. 2000). Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a party must file a notice of appeal with the district clerk within thirty (30) days after entry of the judgment or order appealed from. Should a litigant fail to file a timely notice of

appeal, a district court may extend the appeal period for up to 30 days from the original deadline or until 10 days after the date of entry of the order granting the motion (whichever is later), upon a party's showing of good cause or excusable neglect. Fed. R. App. P. 4(a)(5). A court may not grant a party's motion for extension of time, however, unless the party moves *no later* than 30 days after the expiration of the original time to file a notice of appeal. Fed. R. App. P. 4(a)(5)(A)(i); *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). As the Second Circuit views this time limit as a "strict jurisdictional deadline," *Goode*, 252 F.3d at 245, a court may not "revive a losing party's right to appeal after both the original appeal period and the permissible grace period have expired." *See, e.g.*, *Mendes*, 215 F.3d at 311.

This Court granted Defendants' motion for summary judgment on September 27, 2012. Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Gue had thirty days from the date judgment was entered against him to file a notice of appeal. Gue failed to file a notice of appeal, and filed a motion for an extension to file a notice of appeal on November 27, 2012. In their opposition to Gue's motion, Defendants argue that thirty one (31) days elapsed between the date Gue's time to file a notice of appeal expired and when Gue filed his motion for an extension, thereby making his application untimely. Defendants maintain that Gue's time to file a notice of appeal expired on October 27, 2012. This contention is incorrect.

Rule 4(a)(1)(C) of the Federal Rules of Civil Procedure mandates that the time to file motion papers continues to run until the end of the next day that is not a Saturday, Sunday, or holiday. Therefore, Gue's time to file his notice of appeal continued through Saturday, October 27, 2012, to Monday, October 29, 2012. *See* Fed. R. Civ. P. 6. Consequently, only twenty-nine (29) days elapsed between the notice of appeal expiration date of October 29, 2012, and Gue's filing of his motion for an extension on November 27, 2012. Therefore, Gue's motion is timely.

Having found that Gue's motion for an extension is timely, the next inquiry is whether his failure to file his notice of appeal constitutes "excusable neglect." The "excusable neglect" standard is a strict standard, and to meet it, a movant must demonstrate "unique and compelling circumstances." *See, e.g., Fase v. Seafarers Welfare and Pension Plan*, 574 F.2d 72, 76 (2d Cir. 1978). Given the appropriate circumstances, the Court may employ an "equitable test," *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997), and find excusable neglect where "unpredictable events affect[ ] the feasibility of appeal," *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 514 (2d Cir. 1985) (*abrogated on different grounds by Canfield*, 127 F.3d 248).

In his motion, Gue states that Hurricane Sandy prevented him from timely filing his notice of appeal. As the Court views this reason as an unpredictable event affecting Gue's ability to file his motion, Gue's motion for an extension to file a notice of appeal is **GRANTED**. Under Rule 4(a)(5), such notice must be filed within ten (10) days of the entry of this Order.

**SO ORDERED this 28th day of January 2013**
New York, New York

The Honorable Ronald L. Ellis
**United States Magistrate Judge**